Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASAL HAJI ABDOLAI,<br><br>             Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>             Defendants. | Civil Action No.: 24-7628 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is defendants Alejandro Mayorkas, John Thompson, Ur M. Jaddou, and Merrick Brian Garland's (together, "Defendants") motion to dismiss plaintiff Asal Haji Abdolai's ("Plaintiff") complaint (D.E. No. 1 ("Complaint" or "Compl.")) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 9 ("Motion" or "Mot.")). Having considered the parties' submissions, the Court decides this Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).

**I.    BACKGROUND**[1]

Plaintiff is a lawful permanent resident of the United States who, on April 24, 2022,[2] filed

---

[1]    The factual background is taken from the allegations in the Complaint. For purposes of the instant motion, the Court accepts the factual allegations as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2]    Although paragraph one of the Complaint states that Plaintiff filed her application on April 4, 2022, paragraphs five and nine of the Complaint, as well as the I-130 application attached thereto, reflect a filing date of April 24, 2022. (*Compare* Compl. ¶ 1, *with id.* ¶¶ 5 & 9 *and* D.E. No. 1-1, Ex. A to Compl., at 1).

an I-130 visa application with United States Citizenship and Immigration Services ("USCIS") on behalf of her foreign national husband, Siavash Amou Hashem. (Compl. ¶¶ 1, 5 & 9). As of July 8, 2024, the day Plaintiff filed the Complaint in this case, her I-130 petition had been pending without action for approximately 806 days. (*Id.* ¶¶ 10–11). Plaintiff generally maintains that USCIS has a non-discretionary "duty to process and adjudicate [I-130 petitions] 'within a reasonable time'" and Defendants' "failure to process Plaintiff['s] application[] and adjudicate the case in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiff." (*Id.* ¶¶ 22–23). As a result, Plaintiff claims she cannot plan because it remains unclear when her husband will be able to join her in the United States, and this uncertainty negatively impacts her. (*Id.* ¶ 17). Furthermore, Plaintiff allegedly suffers economic hardship because her husband is not in the United States to help support their family. (*Id.* ¶ 18). Finally, Plaintiff asserts she has lost time and money from her efforts to enforce adjudication of her I-130 petition. (*Id.* ¶ 20).

On July 8, 2024, Plaintiff initiated this matter pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, requesting relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* (Counts I–II). (*Id.* ¶¶ 25–35). She also brings claims under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.*, and seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412 (Counts III–IV). (*Id.* ¶¶ 36–41). Plaintiff seeks (i) an order compelling Defendants to act on her I-130 petition, (ii) a declaration that "Defendants' failure to act is illegal, arbitrary, capricious, and [an] abuse of discretion," and (iii) attorney's fees and costs. (*Id.* at 8).

On October 11, 2024, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). (Mot.; D.E. No. 9-1 ("Mov. Br.")). On November 11, 2024, Plaintiff opposed (D.E. No. 12 ("Opp. Br.")), and on November 25, 2024, Defendants replied (D.E. No. 15 ("Reply Br.")).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

The Court can adjudicate a dispute only if it has subject matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016). "Two types of challenges can be made under Rule 12(b)(1)—'either a facial or a factual attack.'" *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). In deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack, because the "distinction determines how the pleading [is] reviewed." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quotation and citation marks omitted). When assessing a facial attack like the one presented here, a court must only consider "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In assessing a facial challenge, the Court accepts the factual allegations as true. *See In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).[3]

---

[3] When presented with a factual attack on jurisdiction, the presumption of truth does not apply "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As such, when assessing a factual challenge, courts may weigh and consider evidence "outside the pleadings" to decide whether subject matter jurisdiction is proper. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation and quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips*, 515 F.3d at 234. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. DISCUSSION

Defendants seek to dismiss Plaintiff's Complaint under the Mandamus Act, the APA, and DJA for lack of subject matter jurisdiction because she has not established that USCIS has "a clear duty or a mandatory, non-discretionary duty to adjudicate Plaintiff's visa application *within a set period of time*." (Mov. Br. at 7 (emphasis in original); *id.* at 8–13). Even if the Court has jurisdiction, Defendants maintain Plaintiff's claims under the Mandamus Act, APA, and DJA should be dismissed for failure to state a claim because "there has been no unreasonable delay in this matter." (*Id.* at 13). The Court first considers Defendants' argument regarding jurisdiction as

a threshold issue.

### A. Mandamus Act and APA Claims (Counts I & II)

Under the Mandamus Act, courts may issue writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of "'mandamus is a drastic one, to be invoked only in extraordinary situations.'" *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (characterizing a writ of mandamus as "one of the most potent weapons in the judicial arsenal" (quotation marks omitted)). Moreover, a writ of mandamus "'is intended to provide a remedy for a plaintiff only if [s]he has exhausted all other avenues of relief.'" *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Similarly, under Section 706(1) of the APA, federal courts "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also id.* § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it."). However, "[a]n agency's failure to act[] . . . is not always remediable." *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *3 (D.N.J. Mar. 4, 2024) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). The Supreme Court has noted that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton*, 542 U.S. at 64 (2004) (emphasis in original). Thus, "[Section] 706(1) grants judicial review only if a federal agency has a 'ministerial or nondiscretionary' duty amounting to a 'specific, unequivocal command.'" *Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 670 (D.C. Cir. 2016) (quoting *Norton*, 542 U.S. at 63–64). Moreover, a court may compel a nondiscretionary action "when the agency is compelled by law to act *within a certain time period*."

5

*Azam*, 2024 WL 912516, at \*7 (emphasis added) (quoting *Kale v. Mayorkas*, No. 21-8095, 2021 WL 2652124, at \*4 (D.N.J. June 28, 2021)); *see also Qiu v. Chertoff*, 486 F. Supp. 2d 412, 421 (D.N.J. 2007) (dismissing APA claim because there was "no statutory or regulatory provision compelling adjudication within a certain time period").

Thus, to establish a court's jurisdiction under the APA or Mandamus Act[4] to compel an agency to review a visa petition that is alleged to have been unlawfully withheld or unreasonably delayed, a plaintiff must satisfy two prongs.[5] First, the plaintiff must identify a mandatory, nondiscretionary duty. *See Azam*, 2024 WL 912516, at \*7 (citing *Norton*, 542 U.S. at 64). Second, the plaintiff must point to "provisions establishing a specific time frame" for adjudicating visa petitions. *Id.* (citing *Kale*, 2021 WL 2652124, at \*4) (quotation marks omitted). If an agency is without a deadline set by statute, the court has jurisdiction if a plaintiff alleges improper behavior, "deliberate inaction[,] or bad faith on the [part] of the State Department in processing [an] individual visa petition." *Id.* at \*8 (citing *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019)).

### 1. Non-Discretionary Duty

With respect to the first prong, courts in this District have held that USCIS and related defendants have "a mandatory, nondiscretionary duty to adjudicate visa applications pursuant to Sections 1202(b) and (d) [of the INA]." *Oladoja*, 2025 WL 880010, at \*5; *see Azam*, 2024 WL 912516, at \*7 ("Here, [p]laintiff satisfied the first step by pointing to Section 1202(b)'s final

---

[4] The Court considers Plaintiff's Mandamus Act claim as subsumed under the APA, consistent with other courts in this district. *See Oladoja v. U.S. Dep't of State*, No. 24-1143, 2025 WL 880010, at \*4 n.4 (D.N.J. Mar. 21, 2025) (first citing *Bokhari v. Bitter*, No. 23-1947, 2024 WL 244211, at \*1 (D.N.J. Jan. 22, 2024) (interpreting the Mandamus Act claim as subsumed by plaintiff's APA claim and thus "duplicative"); and then citing *Azam*, 2024 WL 912516, at \*4 ("Where, as here, a plaintiff seeks to compel agency action unlawfully withheld or unreasonably delayed, courts treat claims under the APA and Mandamus Act co-extensively.")).

[5] Although Plaintiff cites authority outside the Third Circuit in support of the "zone of interest" test, this inquiry pertains to standing, which Defendants have not challenged. (*Compare* Opp. Br. at 9 (citing *Giddings v. Chandler*, 979 F.2d 1104, 1110 (5th Cir. 1992) ("[S]tanding under the APA is determined by applying the same 'zone of interest' test as applied to determine standing in the mandamus context.")), *with* Mov. Br.).

sentence requiring that the State Department review and adjudicate visa applications."). Pursuant to Section 1202(d) of the INA, "[a]ll nonimmigrant visa applications *shall* be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(d) (emphasis added). As noted in *Azam*, "those words mean what they say." 2024 WL 912516, at *6 (holding that "Section 1202(b) imposes a mandatory duty to review and adjudicate visa applications"). Moreover, Defendants "do not contest that Congress has mandated USCIS to adjudicate the I-130 petition at issue [in this case]." (Mov. Br. at 11 (citing 8 U.S.C. § 1154(b)); *see also* Reply Br. at 3 (noting how "Defendants admitted in their moving brief that they are statutorily obligated to adjudicate Plaintiff's visa petition")).[6]

For these reasons, and as conceded by Defendants, the Court finds that Section 1202 of the INA sets forth a nondiscretionary duty that requires the review and adjudication of Plaintiff's I-130 visa petition at issue here. *See, e.g.*, *Oladoja*, 2025 WL 880010, at *5 (citing *Azam*, 2024 WL 912516, at *6).

### 2. Time to Discharge Duty

With respect to the second prong, the Court considers whether USCIS's duty to review and adjudicate Plaintiff's I-130 visa petition must occur within a prescribed period of time. *Azam*, 2024 WL 912516, at *7. Indeed, "absent a 'specific time frame for adjudication . . . Congress did not intend to limit the discretion' of the State Department with respect to the time, place, and manner in reviewing and adjudicating visa applications." *Id.* at *8 (quoting *Qiu*, 486 F. Supp. 2d

---

[6] Contrary to Plaintiff's assertion that the Government has admitted "a duty to adjudicate the instant *asylum* [matter]" (*see* Opp. Br. at 8–9 (emphasis added)), this case does not involve an asylum petition. (*See generally* Compl.).

at 418).[7]

As set forth in the Complaint, Plaintiff maintains that "Section 202 (8 U.S.C. § 1571) of . . . Title II of the American Competitiveness in Twenty-first Century Act of 2000 . . . clearly lays down the parameters of reasonableness in immigration adjudication." (Compl. ¶ 13). Specifically, the Complaint states the law provides for the processing of an immigration benefit application no later than 150 to 180 days post filing. (*Id.*). However, the provision Plaintiff invokes explicitly states "[i]t is *the sense of* Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b) (emphasis added). In addition, the Complaint cites to 5 U.S.C. § 555(b)[8] for the proposition that Defendants are required to adjudicate her I-130 petition "within a reasonable time." (Compl. ¶ 14; *see* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.")). For the reasons stated below, neither provision mandates adjudication of Plaintiff's I-130 petition within a prescribed timeframe.[9]

As Defendants note, other courts in this District have rejected the theory that 8 U.S.C. § 1571(b) mandates adjudication of visa petitions within 180 days of filing. (*See* Mov. Br. at 12 (first citing *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 n.1 (D.N.J. Feb. 23, 2022); and then citing *Kale*, 2021 WL 2652124, at *4)). Indeed, as set forth in *Jamoussian*, the

---

[7]   For example, the statute governing naturalization applications delineates a prescribed date after which a district court would have jurisdiction to conduct a hearing. 8 U.S.C. § 1447(b) ("If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.").

[8]   Although Plaintiff cites to 5 U.S.C. § 551 in her Complaint, the language she quotes appears in 5 U.S.C. § 555(b). (Compl. ¶ 14). The Court assumes for purposes of this Opinion that Plaintiff intended to cite § 555(b).

[9]   The Court considers these provisions notwithstanding Plaintiff's failure to mention or provide any arguments as to their applicability in opposition to Defendants' motion to dismiss. (*See generally* Opp. Br.).

8

180-day timeframe stated in 8 U.S.C. § 1571 is an "aspirational deadline . . . for the processing of certain immigration-related matters." 2022 WL 538424, at *2 n.1. The plain language of the statute's subsection entitled "policy" states that the 180-day period is the "sense of Congress," which reflects that it is not, as *Jamoussian* states, "a statutory command." *Id.*; *see Kale*, 2021 WL 2652124, at *4 (acknowledging plaintiff's concession that the 180-day period set forth in 8 U.S.C. § 1571 is "not a mandatory timeframe"). Thus, the 180-day period set forth in 8 U.S.C. § 1571(b) is aspirational, not mandatory. Furthermore, Plaintiff has not pointed to any case that granted relief she seeks under the Mandamus Act or the APA, *see* 5 U.S.C. § 555(b), under the same or similar circumstances. (*See generally* Compl. & Opp. Br.; *see also* Mov. Br. at 12 (collecting cases that have declined to exercise jurisdiction over Section 555(b) claims for similar relief)).

Next, as the *Oladoja*[10] court stated, "[e]ven without a statutorily prescribed time by which the Government must adjudicate visa applications, courts in this District have found that they have jurisdiction if a plaintiff alleges some form of bad faith, deliberate inaction, or improper behavior." 2025 WL 880010, at *5 (citing *Azam*, 2024 WL 912516, at *8). Here, Plaintiff has alleged a period of delay that now extends more than 806 days. (Compl. ¶¶ 11, 16 & 22). However frustrating this delay may be, the Complaint contains no allegations to suggest that the delay she experiences is "anything more than ordinary." *See Oladoja*, 2025 WL 880010, at *5. Without allegations of "bad faith, deliberate inaction, or improper behavior," this Court lacks jurisdiction over Plaintiff's claims.[11] *Id.*; *see also Azam*, 2024 WL 912516, at *8 ("The State Department must be

---

[10] The plaintiff in *Oladoja* also filed an I-130 petition with USCIS on behalf of her husband, a Jamaican citizen. 2025 WL 880010, at *1. Although USCIS approved her petition in January 2023, forwarded it to the National Visa Center for processing, and interviewed her husband abroad in August 2023, a final decision had not been rendered at the time plaintiff filed her complaint in February 2024, seeking relief under the Mandamus Act and APA. *Id.* at *1–3. For the same reasons discussed herein, the court in *Oladoja* dismissed plaintiff's Mandamus Act and APA claims for lack of subject matter jurisdiction. *Id.* at *5–6.

[11] Plaintiff attempts to inject inferences of bad faith in her opposition brief that are absent from her Complaint. (*See* Opp. Br. at 6 (arguing that the "incoming administration has shown tremendous bias against Muslims and people from that area of the world"); *see also id.* (arguing that "USCIS might not have the clean hands it claims"); *see also*

affirmatively working through its pile of visa petitions. But it is not the business of the Court to determine how it does so absent allegations of [deliberate inaction or bad faith].").[12]

Accordingly, based on a review of the INA and guidance from courts in our District, this Court finds that absent allegations of "bad faith, deliberate inaction, or improper behavior," it "lacks jurisdiction to review the reasonableness of any delay in the Government's adjudication decision under Section 1202." *See Oladoja*, 2025 WL 880010, at *6. For these reasons, Plaintiff's claims under the Mandamus Act, the APA, and the DJA[13] (Counts I–III) are dismissed *without prejudice* for lack of subject matter jurisdiction. In addition, Plaintiff's claim for attorneys' fees and costs under the EAJA (Count IV) is dismissed *without prejudice* as moot.[14]

---

*id.* at 10 (claiming that "USCIS may not be acting in good faith")). However, Plaintiff cannot amend her Complaint in opposition to a motion to dismiss. *See Pierre-Charles v. Consumer Portfolio Servs., Inc.*, No. 17-10025, 2018 WL 3425737, at *6 (D.N.J. July 16, 2018) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Furthermore, and similarly, the Court's decision herein is not dependent on any applicable Visa Bulletins referenced throughout the parties' briefs and absent from the pleading. (*See, e.g.*, Mov. Br. at 16–17; Opp. Br. at 4–5 & 12–14; Reply Br. at 3).

[12] Plaintiff argues that because we live in a post-*Chevron* world, this Court "owe[s] no deference to agencies and their expertise." (Opp. Br. at 6 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024))). Although Plaintiff cites to *Loper* throughout her opposition brief, she does not articulate why or how it applies to the framework described herein, nor does this Court independently decipher its applicability to this case. In *Loper*, the Supreme Court held that "courts need not and under the APA may not defer to an agency interpretation of the law *simply because a statute is ambiguous.*" 603 U.S. at 413 (emphasis added). Relevant here, Plaintiff has not argued statutory ambiguity. (*See generally* Opp. Br.).

[13] Plaintiff makes one passing reference to her claim for declaratory relief in opposition to Defendants' motion to dismiss, arguing that it should be assessed under the Mandamus Act and APA framework. (*See* Opp. Br. at 11 ("For the reasons that the Court has jurisdiction over both the *Mandamus* action and the APA action, it has jurisdiction over the instant DJA claim.")). Indeed, Plaintiff's claim for declaratory relief under the DJA is, in essence, a reframing of her claims under the Mandamus Act and the APA. (*See* Compl. ¶¶ 36–39 (Count III)); *see Shams v. U.S. Dep't of State*, No. 24-4828, 2025 WL 984561, at *6 (D.N.J. Apr. 2, 2025) ("Although framed in terms of declaratory relief, [p]laintiffs' requested relief is to compel [d]efendants to adjudicate [p]laintiffs' I-140 visa application." (citation omitted)). While the DJA grants federal courts the authority to order declaratory relief, it "does not and cannot serve as an independent basis for subject matter jurisdiction." *Kale*, 2021 WL 2652124, at *5 (first quoting *TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003); and then citing *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218 n. 2 (3d Cir. 1989)). Accordingly, Plaintiff's DJA claim is dismissed for lack of subject matter jurisdiction in accordance with the analysis set forth above.

[14] Because the Court dismisses Counts I–III for lack of subject matter jurisdiction, and in the alternative for failure to state a claim, Plaintiff cannot prevail on a claim for fees under the EAJA, which permits an award of "reasonable fees and expenses of attorneys" to the "prevailing party in any civil action brought by or against the United States or any agency or any official of the United States . . . in any court having jurisdiction of such action." 28 U.S.C. § 2412(b).

### 3. Adjudication of Plaintiff's I-130 Petition is Not Unreasonably Delayed

Even if this Court had subject matter jurisdiction over Plaintiff's Mandamus Act, APA, and DJA claims, Plaintiff has not alleged that Defendants' delay in processing her I-130 petition was unreasonable. The Third Circuit has outlined four factors to determine whether agency action has been "unreasonably delayed":

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agencies action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (citations omitted); *see also Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) (assessing reasonableness under the APA using similar factors).

***First***, Plaintiff filed her I-130 petition on April 24, 2022, meaning that the petition has been pending for over three years. (*See* Compl. ¶¶ 5 & 9). As lengthy as this may seem, courts have held that a delay between three and five years "falls well within the bounds of delays that other courts have found reasonable." *See Azam*, 2024 WL 912516, at *10 (first quoting *Mueller v. Blinken*, 682 F. Supp. 3d 528, 539 (E.D. Va. 2023); and then citing *Jamoussian*, 2022 WL 538424, at *2 (collecting cases)). Thus, the length of elapsed time favors Defendants.

***Second***, with respect to the reasonableness of the delay in the context of Section 1202(b), as noted above, the INA does not prescribe a specific timeframe within which an immigration petition must be adjudicated. Akin to the plaintiff in *Azam*, Plaintiff here "has pleaded no facts suggesting that Defendants have abused their discretion in processing the visa application." *See* 2024 WL 912516, at *10. Accordingly, this factor also weighs in Defendants' favor. *See Shams*,

11

2025 WL 984561, at *8 ("[W]ithout timing restrictions, this second factor also favors Defendants.").

***Third***, this Court is certainly sympathetic to the consequences of delay in the adjudication of Plaintiff's I-130 petition—specifically, the impact on Plaintiff, her husband, and their family, who have been living apart pending review of Plaintiff's I-130 petition. Although "[b]eing separated from a loved one is painful," the consequences of delay are not only felt by Plaintiff, but also by the thousands of other immigrant visa applicants who are similarly situated to Plaintiff. *See, e.g.*, *Azam*, 2024 WL 912516, at *10 (citing certain visa applicant backlog statistics available in March 2024). Importantly, this Court is unable to "compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others." *Id.* (quoting *Ali v. United States Dep't of State*, 676 F. Supp. 3d 460, 471 (E.D.N.C. 2023)). For these reasons, this factor is, at most, neutral.

***Lastly***, with respect to administrative difficulties, this Court "declines to mandate how Defendants prioritize resources," which is consistent with the discretion Defendants maintain under the INA. *See Shams*, 2025 WL 984561, at *8; *see also Azam*, 2024 WL 912516, at *11 ("[T]he Court will not wade into [d]efendants' internal adjudicatory processes for determining how to process the mountain of visa applications more efficiently." (citing *Norton*, 542 U.S. at 67)). Thus, this factor also favors Defendants.

Accordingly, the Complaint does not state a claim for unreasonable delay under the APA and, consequently, fails to adequately plead claims for mandamus or declaratory relief. Thus, even if this Court had subject matter jurisdiction over Plaintiff's Mandamus Act, APA, and DJA claims, those claims would be dismissed *without prejudice* in the alternative for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g.*, *Azam*, 2024 WL 912516, at *11.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Counts I–III of the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  The Court also **GRANTS** Defendants' motion to dismiss Count IV of the Complaint as moot.  Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*, but Plaintiff is granted leave to file an amended complaint.[15]  An appropriate Order accompanies this Opinion.

Dated: June 10, 2025                                                        *s/ Esther Salas*
                                                                                           **Esther Salas, U.S.D.J.**

---

[15]     Applicable here, *Azam* also cautioned that it put trust in the "relevant pleading standards, the threat of Rule 11, and ethical obligations" to "prevent plaintiffs from attempting to manufacture the [c]ourt's jurisdiction by baselessly pleading that the State Department has acted in bad faith in delaying adjudication of a visa petition." 2024 WL 912516, at *9.  However, as *Azam* recognized, this Court also realizes that "things happen." *Id.* (citing cases where a plaintiff pled a claim for bad faith misconduct in adjudication of a naturalization application and where the court granted summary judgment for a plaintiff following an unexplained six-year delay in processing a permanent resident application).